IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,397-01






EX PARTE JOSEPH A. ROBERTSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 18579-A IN THE 88TH JUDICIAL DISTRICT COURT


FROM HARDIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child and was sentenced to twelve years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel told him that the State was offering a five-year sentence in exchange for his guilty plea. 
Applicant alleges that he agreed to the five-year offer, but that counsel failed to complete the
paperwork, and that when Applicant showed up for court, the State had changed its offer to eighteen
years. Eventually, the State reduced the offer to twelve years, which Applicant apparently accepted.

The habeas record does not contain copies of the plea papers, admonishments, plea agreement, or
any other information to address Applicant's claims. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide all three of Applicant's trial attorneys with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the plea admonishments and
any written plea agreement. The trial court shall make findings of fact as to whether counsel
transmitted to Applicant any and all plea offers made by the State, and if so, whether Applicant
agreed to any offer that was later withdrawn. If the State withdrew a plea offer, the trial court shall
make findings as to the reasons for the withdrawal of such offer, and as to what advice Applicant's
counsel gave Applicant with respect to the plea offer(s). The trial court shall make findings as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 9, 2011 

Do not publish